Saxon Motor Sales, Inc., Plaintiff, *v.* Paul Torino and Another, Defendants.

Supreme Court, Special Term, Bronx County, January 18, 1938.

*Stang & Boxer* for the plaintiffs.

*Joseph J. Guadagno, Jr.,* for the defendants.

McLaughlin (Charles B.), J.   This is a motion for a temporary injunction.   The action in part seeks to restrain and enjoin the defendants from using the public streets without just cause or excuse in such a manner as to interfere with the carrying on of plaintiff's business and so as to destroy the plaintiff's custom, credit and profits.

One of the methods adopted by the defendants was to place signs on the sides and rear of an automobile, each in large type, deriding the qualities of the automobile which the defendants had purchased from the plaintiff.   Ordinarily, statements in writing derogatory to this automobile would not constitute any ground for an injunction.   (*Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384.) In this case, however, the acts of the defendants complained of are much more serious and different in character than the acts complained of in the *Marlin* case.   What defendants have done here constitutes something more than a mere libel or criticism of the plaintiff's product.   We have a situation where it appears that the defendants brought their automobile in the decorated condition heretofore described and placed it in front of the plaintiff's place of business for the sole purpose of attempting to injure the plaintiff's business and to curtail his profits.   It is apparent that the defendants could have had no other object in mind in acting as they did. Under the circumstances the use of these signs on the defendants' automobile is no different than if they had attempted to interfere with the plaintiff's business by means of some physical obstruction. (*Fradus Contracting Co., Inc.,* v. *Taylor,* 201 App. Div. 298; *West Side Electric Co.* v. *Consolidated Subway Co.,* 87 id. 550.)

This is not a labor dispute where the parties are on unequal footing but is one between parties on the same plane and who are equal in so far as their respective rights are concerned. The court cannot sanction what the defendants have done here. The acts of the defendants are such as to constitute in the language of Corpus Juris, such interference as would demand the issuance of an injunction. " Since the right to carry on a lawful business without obstruction is a property right, acts committed without just cause or excuse, which interfere with the carrying on of complainant's business and destroy his custom, his credit, or his profits, do an irreparable injury and authorize the issuance of an injunction." (32 C. J. 155.)

Motion is granted upon condition that the plaintiff serve and file a note of issue for the February, 1938, term. If necessary the clerk is directed to accept short notice. The case will be placed at the head of the day calendar for February 7, 1938. Undertaking $250. Settle order.