HYMAN SINGER and SADIE SINGER, Appellants, v. ROMERRICK REALTY COR-PORATION, Respondent.— Order restraining appellants, *pendente lite*, from maintaining signs on their building and from making statements derogatory to the quality of homes erected by defendant, etc., in so far as appeal is taken, reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Under the facts of this case it seems that the court is without power to grant the injunction. (*Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384.) Lazansky, P. J., Davis, Adel and Close, JJ., concur; Johnston, J., dissents and votes for affirmance, with the following memorandum: In 1936 defendant acquired property at Seagate, Brooklyn, and erected eight one-family houses, which it offered for sale. Plaintiffs purchased one of the houses and have instituted this action for damages for fraud and deceit, claiming the house was not as represented. Defendant has interposed a counterclaim wherein it prays for a permanent injunction restraining the plaintiffs from engaging in the wrongful acts hereafter referred to, and also for money damages. It is admitted plaintiffs have placed on their house signs stating its construction is so faulty that it is unfit to live in and inviting the public to enter the house and inspect it, at which time further information concerning defects will be furnished. Accepting as true the averments in the moving affidavits, the Special Term made the order appealed from. It appears that, in response to plaintiffs' invitation, prospective purchasers for defendant's remaining houses visited plaintiffs' home and plaintiffs then made disparaging statements concerning defendant's houses and their construction as well as other false statements, all of which were calculated to and did in fact dissuade them from buying; that when plaintiff Hyman Singer was advised that his statements — alleged to be false — had prevented several sales, he replied he hoped this was true; that he had done his best to accomplish that result and purposed to continue his efforts to prevent defendant from selling any of its houses. It also appears that he had offered to purchase four of the remaining houses at a ridiculously low price, and, when his offer was rejected, he said " before he is through with the defendant, that the defendant will be glad to accept $2,000.00 for each house." It further appears that the houses are adjacent to a beach, and, of course, there is a better market for them during the spring and summer, and that by reason of its failure to sell its houses defendant has found it necessary to refinance the enterprise, in which it has invested upwards of $75,000. The order directs plaintiffs to remove the signs and restrains them *pendente lite* from declaring or publishing that defendant's houses are improperly erected or defectively constructed or unfit to live in, and from inducing prospective customers to refrain from buying them. In this State courts will not restrain a libel, including false disparagement of a competitor's goods, and equity will not intervene to restrain the publication of words on a mere showing of their falsity. (*Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384.) In England the same rule formerly obtained, although the jurisdiction of equity courts is now fully recognized. (*Allen Mfg. Co., Inc.*, v. *Smith*, 224 App. Div. 187, 191, and cases cited.) " Today the English courts will even grant an interlocutory injunction against a libel if it is clearly shown to be one, exactly as in case of any other tort." (See Dean Roscoe Pound, Equitable Relief against Defamation, 29 Harv. Law Rev. 640, 665.) But accepting, as we must, the rule reiterated in the *Marlin* case (*supra*), it is unthinkable that a court of equity is unwilling or unable to afford relief under the facts disclosed in the instant

716

case. Assuming, as do my brethren, that the signs constitute a libel, if their erection were plaintiffs' only tortious act then under the *Marlin* case the court would not be justified in restraining its publication, because damages would afford an adequate remedy for the wrong. The libel, however, is not defendant's grievance but merely " an instrument and incident " resorted to by plaintiffs in their wrongful and malicious efforts to destroy defendant's investment and ruin its business. Real and substantial damage already has been done and additional damage will follow, the existence or *quantum* of which it will be difficult or impossible to prove. There is ample authority for the intervention of equity under these circumstances. (*Nann* v. *Raimist*, 255 N. Y. 307, 317, and cases cited; *Allen Mfg. Co., Inc.*, v. *Smith, supra.*) By reversing this order we are, in effect, holding that defendant's counterclaim is insufficient because the court has no jurisdiction to afford defendant any relief. This is tantamount to holding that the court is powerless to enjoin a patent and palpable wrong because libelous statements were used as one of the instrumentalities to make it effective. In my opinion such a decision would be as untenable as the result would be unjust. The order appealed from should be affirmed.