THE LONG ISLAND RAIL ROAD COMPANY and CHARLES McLANE, as President of the Freeport Taxi Owners Association, Respondents, v. WILLIAM SUMMERS, Appellant.— Judgment modified on the law and the facts by inserting in the first ordering paragraph thereof, after the words " from parking his motor vehicles in or upon the said property," the words " except for the purpose of delivering passengers to the railroad depot at Freeport or meeting prospective fares at such station on incoming trains, by appointment, at a suitable and convenient place to be designated by plaintiff The Long Island Rail Road Company." As so modified, the judgment is unanimously affirmed, without costs. We are of opinion that the covenant contained in the deed by which plaintiff The Long Island Rail Road Company acquired title to the property in question is not to be construed as granting to defendant, an operator of a taxicab, the right to enter upon railroad property for the purpose of conducting his business. He may, however, deliver passengers to the railroad station and meet prospective fares at the station by appointment. The recognition of a taxi stand on the property of plaintiff railroad company on the north side of Railroad avenue by an ordinance of the village of Freeport may not be construed as granting to defendant any right to use the company's premises for his own business. If the ordinance is to be so construed it is invalid. (*Del., L. & W. R. R. v. Morristown*, 276 U. S. 182.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ. Settle order on notice.