Samuel W. Eager, J.
This is a motion for temporary injunction in an action brought to enjoin defendant, an individual, from willfully and maliciously carrying on certain activities allegedly designed to injure plaintiffs in the conduct of their business of development and sale of residential properties.
The plaintiff, West Willow Realty Corp., is engaged in the construction, erection and sale of private homes on property owned by it and situate in Town of Ramapo, Rockland County, New York. The individual plaintiff, Leonard Kohl, is the president and major stockholder of the plaintiff corporation.
*868 The defendant, Robert W. Taylor, is an owner of a private residence situate at 74 Lyncrest Avenue, New City, New York., which he purchased in November, 1956, from a corporation, to wit, Whitewood Estates, Inc. There is no connection between the plaintiff, West Willow Realty Corp., and Whitewood Estates, Inc., but it does appear that the plaintiff Leonard Kohl is an officer and stockholder of both' corporations. Since the purchase by defendant of his home in New City, New York., he has complained about defects in its construction and of misrepresentations concerning the same, and he claims substantial damages on account thereof. An action was commenced by him against Whitewood Estates, Inc., in or about April, 1959, to recover damages for breach of warranty and for fraud and deceit in connection with the sale of the residence property to him.
The said action brought by defendant against Whitewood Estates, Inc., has not yet been reached for trial. There have, however, been negotiations between the parties in an effort to settle the action, but they have been unavailing. In the meantime, and on two week ends in January, 1960, the defendant with his two infant children did appear and stand or parade on the public highway near the entrance to plaintiff’s present development with a sandwich board type of sign reading: “ I bought a home from this builder. Before you buy, see mine. 74 Lyncrest Avenue, New City, N. Y.”
It is alleged, and not disputed, that viewers and prospective purchasers of homes built by plaintiffs are attracted by this sign and approach and talk with the defendant. It is disputed as to what the defendant has said to these persons, but it is admitted that he or his children have handed to a number of these persons a written statement as follows:
“ I, Robert W. Taylor, am suing Whitewood Estates, Inc.
“ Mr. Leonard Kohl was an owner of this corporation and is one of the principals involved in this Dutch Village.
“ Whitewood Estates, Inc., constructed a development in New City which I believed failed to conform to specifications. This is the basis of my law suit.
“ Problems and complaints are extensive and especially drainage and sewerage. If you desire any further information— call NEw City 4-5854. ’ ’
The plaintiffs allege that the conduct of the defendant has resulted, and if continued, will result in irreparable damage to them in that there has been and will be thereby occasioned a serious loss in the sales of homes by the plaintiffs. The *869 defendant claims the right to continue his conduct as aforesaid, which amounts to a picketing of the plaintiffs’ development, and he does intend to continue the same unless or until his lawsuit is settled.
The defendant, relying upon Marlin Firearms Co. v. Shields (171 N. Y. 384) and Singer v. Rommerick Realty Cory. (255 App. Div. 715), claims that this court may not intervene to afford plaintiffs injunctive relief under the circumstances here. It is true, as demonstrated by these decisions, that, generally speaking, courts of equity have not assumed and will not take jurisdiction merely to restrain the alleged libel or slander of a person, his property or his business. (See, also, 43 C. J. S., Injunctions, § 134 and cases cited.) Where, however, statements which are libelous or slanderous with respect to a person, his property or business, are published or made as a part and parcel of a course of conduct deliberately carried on to further a fraudulent or other unlawful purpose, a court may grant injunctive relief to prevent irreparable injury. (See Minn. L. Rev. Art., published N. Y. L. J., Jan. 6, 1956; 144 A. L. R., 1181 et seq. and cases cited; Saxon Motor Sales v. Torino, 166 Misc. 863; American Malting Co. v. Keitel, 209 F. 351; Menard v. Houle, 298 Mass. 546; Carter v. Knapp Motor Co., 243 Ala. 600. Also, Wolf v. Gold, 9 A D 2d 257.)
The power of this court to act to protect plaintiffs under the circumstances here finds support in the decisions of our Court of Appeals. ‘ ‘ Equity does not intervene to restrain the publication of words on a mere showing of their falsity. Marlin Fire Arms Co. v. Shields (171 N. Y. 384). It intervenes in those cases where restraint becomes essential to the preservation of a business or of other property interests threatened with impairment by illegal combinations or by other tortious acts, the publication of the words being merely an instrument and incident ”. (Nann v. Raimist, 255 N. Y. 307, 317.) Threatened and unjustified interference with the lawful business of a person will be restrained. (Exchange Bakery & Restaurant v. Rifkin, 245 N. Y. 260.) Acts which are “ wrongfully and continuously done to cause damage to plaintiff by coercive methods ” will be restrained where such damage is difficult of proof. (Wilner v. Bless, 243 N. Y. 544, 545.)
The words and conduct of the defendant here are obviously designed and put into effect for the purpose of intimidating plaintiffs and coercing a settlement of the claims of and the action brought by defendant against Whitewood Estates, Inc. Whether or not defendant has just cause for complaints against this third party is immaterial. The law affords him a remedy *870 for the prosecution thereof. It is improper for him in effect to take the law into his own hands and by the means being employed by him to exert pressure against these plaintiffs to compel them to influence Whitewood Estates, Inc., to settle the defendant’s lawsuit. The defendant’s purposes in his picketing of plaintiffs’ development and in giving statements to and talking with their prospective customers .is improper and unlawful.
The defendant’s claim that the issuance of an injunction under the circumstances here would constitute an unlawful restraint of his constitutional right of free speech is readily rejected. “ It is a fundamental principle, long established, that the freedom of speech * * * secured by the Constitution, does not confer an absolute right to speak or publish, without responsibility, whatever one may choose”. (Gitlow v. People, 268 U. S. 652,666, 668.) Freedom of speech is not an unqualified right, and the privilege of free speech does not confer on one individual the right to use that privilege for the purpose of maliciously injuring another. (See 16 C, J. S., Constitutional Law, § 213, and cases cited.)
The defendant’s further claim that the plaintiffs do not show an irreparable injury is also without merit. It is clear that the plaintiffs will lose sales of homes by the conduct of defendant, and, in fact, this is undoubtedly the purpose of defendant’s conduct. In fact, it is clear that the plaintiffs’ investment in the particular development can be jeopardized and even destroyed by the conduct of the defendant.
The decision of Singer v. Rommerick Realty Corp. (supra) is distinguishable because here the course of conduct of the defendant is directed against third persons (the plaintiffs herein) and not against the corporation which allegedly sold a home to defendant and against which defendant has an alleged claim for defects in construction and misrepresentations. In this connection, it is noted that the sandwich type sign displayed by the defendant here is patently false in its statement that defendant bought a home “ from this builder Starting with that premise, the defendant’s statements would be takes to mean that the plaintiffs were responsible for the alleged defects in construction in defendant’s home and this is not so. The plaintiff West Willow Realty Corp.. is- a corporate entity separate and distinct from the Whitewood Estates, Inc.,, being sued by defendant.
The Singer decision is further’ distinguishable in that the signs complained of in that case were exhibited upon private property, namely, on the building, alleged to: have been defeC *871 tively constructed and the disparaging words were uttered in the vicinity thereof. Here, the signs and statements are displayed and delivered on the public highway far removed from the site of defendant’s property, and the defendant here is in effect picketing the plaintiffs ’ development-,
A temporary injunction will. be: granted, but it will be limited tp enjoining defendant from picketing the plaintiffs’ development and from displaying or delivering to any person signs or written or printed statements in any manner derogatory to the buildings, development or business activities of the plaintiff.
Settle order on notice. Undertaking to be furnished in sum of $1,000.