Frank S. McCullough, J.
This is an action which seeks to permanently enjoin the respective defendants from parking their taxicabs on the station premises or any part thereof of the New York, New Haven and Hartford Railroad Company (herein called “ The Railroad”) in the City of New Rochelle (herein called the “ City”) including in particular those parts of the station premises known as Railroad Place and Station Plaza. The plaintiff further seeks a permanent injunction against any solicitation by the defendants of passengers on the station premises.
The plaintiff and The Railroad entered into an agreement the essential parts of which read as follows:
“ The Railroad Company agrees to grant and does hereby grant to the Contractor [the Plaintiff herein], so far as it lawfully may, the exclusive privilege of maintaining a public carriage stand on its present station premises New Rochelle, New York, and of soliciting on said premises the patronage of passengers on its railroad for the local carriage of themselves * * *
“ The Contractor shall pay to the Railroad Company as compensation for said privilege One Hundred Five ($105.00) per month in advance.
“ The Contractor shall have the privilege of establishing a four-cab stand adjacent to the platform west of the west bound passenger station for the parking of the taxicabs of the Contractor under the provisions of this agreement, the location to be subject to change at any time by the Superintendent of the Railroad Company.”
The complaint in substance alleges the above agreement and another agreement of the same date which provided for the *551 leasing of office space on the station premises where the plaintiff maintains two-way radio dispatch facilities.
Each of the defendants is charged with parking its taxicabs in the station premises, on either Railroad Place or Station Plaza and of entering the station premises and soliciting patronage of passengers.
The answer of the defendants put in issue all the material allegations of the complaint except the defendants admit parking its cabs in the City established hack stands and by way of affirmative defense alleges that the City of New Rochelle, pursuant to a city ordinance set up public hack stands on a portion of the premises in dispute.
It is the plaintiff’s contention that it has the exclusive rights over all the station premises and can therefore, regardless of the establishment of hack stands by ordinance on the premises, bar any other person from the use for such purpose.
It was established upon the trial that The Railroad owned the title in fee to the tracks and to the actual station buildings, to Depot Plaza (which was leased to the City of New Rochelle in 1927); that it owned a portion of Railroad Place and that it had sold and conveyed a portion of Railroad Place to the City of New Rochelle.
No evidence was presented which showed an interference with plaintiff’s rights with the exception of testimony which disclosed that 3 of the 34 defendants had entered upon the station platform to solicit business.
It cannot be disputed that The Railroad has the right to grant exclusive privileges. (See New York Cent. & Hudson Riv. R. R. Co. v. Ryan, 71 Misc. 241.)
Was it the intention of The Railroad to grant exclusive rights to the plaintiff to land leased or used by the City for public purposes % The evidence showed that the City exercised almost exclusive rights over both Railroad Place and Station Plaza. It plowed the streets when it snowed, it regulated traffic and parking by ordinance, made necessary repairs and in general treated the designated areas in the same manner as other public streets in the City.
It is true that the City cannot by ordinance create rights on private property which had not been granted by the owner. (See Long Is. R. R. Co. v. Summers, 263 App. Div. 889.)
It is not the owner here, however, that protests the City’s dominion and regulation of the areas but the plaintiff. The question to be determined is the construction of the words “ station premises ” over which the plaintiff was to exercise exclusive rights. This was answered to some extent by a letter *552 written to the plaintiff in response to an inquiry made to The Railroad by the plaintiff. The letter which was introduced in evidence stated in part, “In our lease to All American Taxi we purport only to give that organization the exclusive right to hack at the entrance to the Railroads stairways and walkways and we make no claim to interfere with the City’s regulatory powers within the street.”
In view of the documentary proof as to ownership, the lease agreements and a common-sense construction of the agreement this court holds that by reason of the exercise by the City of New Rochelle of dominion over Railroad Place and Station Plaza injunctive relief should not be granted with the exception of prohibition of solicitation upon Railroad premises exclusive of Railroad Place and Station Plaza. The words “ station premises ” cannot be construed to mean all property owned by The Railroad which is the interpretation sought by the plaintiff herein.
This court holds that the defendants are entitled to park in the hack stands established by the City of New Rochelle (see G-eneral Ordinance of the City of New Rochelle, ch. 13, §§ 13-68) as long as the existing ordinance is not revoked or modified so as to prohibit its present use, or the rights of the City of New Rochelle are not terminated by The Railroad. The plaintiff is entitled to injunctive relief insofar as the defendants ’ solicitation of customers upon other areas of The Railroad property embraced within the meaning of Railroad Station which includes walkways and stairways.