Harold Tessler, J.
This motion for a preliminary injunction raises fundamental questions concerning an individual’s right of freedom of expression.
Defendant is a tenant in plaintiff’s apartment house under a written lease for a term commencing on December 1, 1964 and ending on November 30, 1966. On or about December 10, 1965 defendant requested to be released from his lease and his request was denied by plaintiff. Thereafter, on Sundays, the defendant commenced picketing outside of the building bearing sandwich-type signs which defendant states read as follows:
I AM A TENANT IN
THIS BUILDING
— UNFORTUNATELY —
IF YOU WANT
PEACE AND QUIET
DECENT MAINTENANCE AND
GOOD SERVICE
IF YOU TAKE ANY PRIDE
IN WHERE AND HOW YOU LIVE
I URGE YOU
LOOK ELSEWHERE.
IF YOU WANT
TO PAY FOR YOUR HEAT AND
AIR CONDITIONING, HEAR
YOUR NEIGHBOR’S HI-FI, T.V.
HIS WALKING, TALKING AND
PARTIES
HAVE A LANDLORD WHO
USES A LIAR AS A
RENTAL AGENT
THIS HOUSE WAS MADE
FOR YOU.
Plaintiff contends that the signs stated:
LANDLORD HAS MISREPRESENTED. I AM PAYING FOR
HEAT. THE BUILDING IS NOISY. IF YOU ARE LOOKING
FOR AN APARTMENT I SUGGEST YOU LOOK ELSEWHERE.
While the parties differ as to exactly what language the signs contained, the purport of the contents is clear.
*269 There is no question that defendant picketed peaceably and in an orderly manner, nor does plaintiff deny the truth of the contents of the signs and while plaintiff generally alleges prospective loss of rentals, it does not specifically allege special damages and monetary loss. Defendant also states that he has resigned himself to remaining on the premises but is picketing in order to inform the public of the conditions therein so as to counteract advertisements taken out in local newspapers in which plaintiff describes its building as an attractive dwelling.
In support of the motion, plaintiff argues (1) (citing Springfield, Bayside Corp. v. Hochman, 44 Misc 2d 882; West Willow Realty Corp. v. Taylor, 23 Misc 2d 867) that defendant has no constitutionally-protected right to enter upon this course of conduct which in all probability will damage plaintiff’s business and (2) that the lease signed by the defendant which provides: “ Rules and Regulations * * * 2. No sign, advertisement, notice or other lettering shall be exhibited, inscribed, painted or affixed by any Tenant on any part of the outside or inside of the demised premises or building without the prior written consent of the Landlord ” prohibits picketing in front of the building.
This court is of the opinion that under the facts as alleged, defendant has a constitutional right to picket in the manner in which he has been conducting himself. The question of the lawful limitations which can be placed on picketing is basically a question of Federal constitutional law and the decisions of the United States Supreme Court on these matters are, of course, binding on this court.
That court has held that because of its element of communication picketing under certain circumstances finds sanction in the Fourteenth Amendment. (See Thornhill v. Alabama, 310 U. S. 88; American Federation of Labor v. Swing, 312 U. S. 321; Hughes v. Superior Court of California, 339 U. S. 460; Cafeteria Union v. Angelos, 320 U. S. 293.) The Supreme Court has also stated, however, “ It has been amply recognized that picketing, not being the equivalent of speech as a matter of fact, is not its inevitable legal equivalent. Picketing is not beyond the control of a State if the manner in which picketing is conducted or the purpose which it seeks to effectuate gives ground for its dis-allowance.” (Hughes v. Superior Court of California, supra, pp. 465-466.) In Bakery Drivers Local v. Wohl (315 U. S. 769, 772) the Supreme Court held constitutionally protected the picketing of a union which picketed non-union peddlers of baked goods and carried the following placards: “ A bakery route driver works seven days a week. We ask employment for a *270 union relief man for one day. Help us spread employment and maintain a union wage hour and conditions. ’ ”
The court noted that the trial court had found that the placards were truthful and accurate in all respects, that the picketing was peaceful and orderly without violence or the threat thereof and created no disorder, that it was not proved that any customers were turned away from the bakeries by reason of the picketing and that it was not established that the bakeries sustained a monetary loss by reason of the picketing. The court stated at page 775: “ We ourselves can perceive no substantive evil of such magnitude as to mark a limit to the right of free speech which the petitioners sought to exercise. The record in this case does not contain the slightest suggestion of embarrassment in the task of governance; there are no findings and no circumstances from which we can draw the inference that the publication wás attended or likely to be attended by violence, force or coercion, or conduct otherwise unlawful or oppressive; and it is not indicated that there was an actual or threatened abuse of the right to free speech through the use of excessive picketing. A state is not required to tolerate in all places and all circumstances even peaceful picketing by an individual. But so far as we can tell, respondents ’ mobility and their insulation from the public as middlemen made it practically impossible for petitioners to make known their legitimate grievances to the public whose patronage was sustaining the peddler system except by the means here employed and contemplated; and those means are such as to have slight, if any, repercussions upon the interests of strangers to the issue.”
The picketing involved in the case at bar (which is not a labor case) was also conducted in an orderly manner and, as in the above-cited case, there is no denial of the truth and accuracy of the placards nor is a monetary loss established by reason of the picketing.
The decisional law in this State, while subject to conflicting interpretations, also indicates to this court that the conduct of the defendant is constitutionally protected. In Singer v. Romerrick Realty Corp. (255 App. Div. 715), the Appellate Division in the Second Department reversed (without opinion) an order of the trial court which granted a temporary injunction against the Singers who maintained signs on their building which allegedly contained statements derogatory to the quality of homes erected by Romerrick from whom Singers had purchased their own home.
The cases cited in support of this motion do not change or modify the rule laid down in Singer, for in West Willow (supra) *271 the court enjoined the defendant from picketing plaintiff’s development with a sign stating ‘ ‘ I bought a home from this builder. Before you buy, see mine ’ ’ because the conduct of the defendant was directed against third persons and not against the corporation which allegedly sold the home to the defendant.
The decision in Springfield (supra) is more difficult to distinguish. In that case, however, defendants did not picket the premises about which they were complaining but rather picketed the management office which was located one and one-half blocks from the premises and the court found that their sole purpose was to injure plaintiff’s business. This court is constrained to say, however, that the rationale of that decision that peaceful picketing generally may be constitutionally enjoined where the relation of the parties has its origin in contract is not convincing.
Plaintiff’s second contention is without merit.
Accordingly, under the circumstances presented in this case, the motion for a temporary injunction is denied.