Robert J. Train or, J.
Motion by plaintiff for an order enjoining’ the defendant pending the trial of the above-captioned action from using the public streets in such a manner as to interfere with the plaintiff’s business so as to destroy plaintiff’s custom, credit and profits, is granted.
Defendant, after certain apparent dissatisfaction with an automobile purchased from plaintiff, parked said vehicle in front of plaintiff’s place of business on November 28, 1970, for about three hours between 11:00 a.m. and 2:00 p.m. with a sign approximately 3 feet by 4 feet which read as follows:
“ THIS IS A 1970 VOLVO, PURCHASED FROM TAPP AN MOTORS, OVER 30 REPAIRS STILL NOT FIXED. FOR INFORMATION CALL 235-1523 ”
Plaintiff claims the lettering could be viewed from a distance in excess of 100 feet. It is the contention of plaintiff that such demonstration in front of its business establishment was responsible for customers not entering and that the defendant’s actions were designed expressly to cause this damage to its business. The right to carry on a lawful business without obstruction is a property right, and acts committed without just cause or excuse which interfere with the carrying on of plaintiff’s business or destroy its custom, its credit or its profits, do an irreparable injury and thus authorize the issuance of an injunction. {Saxon Motor Sales v. Torino, 166 Misc. 863.)