David 0. Boehm, J.
Plaintiff has brought an action against the defendant, a residential home builder, for damages resulting from improper grading of the plaintiff’s lot and the lot to his rear. Both are located in the Town of Pittsford.
After the commencement of the lawsuit, plaintiff erected on his lot a sign 30 inches wide and 4 feet high, saying: 1 ‘ pros *199 PECTIVE HOME BUYERS ¡ YOU ARE INVITED TO EXAMINE THE DRAINAGE PROBLEM ON THIS LOT, CAUSED BY RYAN HOMES, INC.”
Defendant owns other building lots in the same subdivision where the plaintiff’s home is located and has counterclaimed for money damages and for an injunction restraining the plaintiff from the display of signs referring to the defendant and from any other acts which would harm the business reputation of the defendant.
The defendant now brings this motion for a preliminary injunction. As one ground, defendant argues that the sign is in violation of section 15-31 of the Zoning Ordinance of the Town of Pittsford which states: “No advertising sign or billboard shall be erected in a residential district ”.
Plaintiff does not deny that his house is located in a residential district, but argues that the defendant may not compel the enforcement of a zoning ordinance because the town alone may do so and, therefore, the defendant must bring a mandamus proceeding against the town to obtain such enforcement.
As the other basis for preliminary injunctive relief, the defendant invokes CPLR 6301, on the ground that the plaintiff is doing an act in violation of the defendant’s rights respecting the subject matter of its action tending to render a judgment ineffectual and that the continuing display of the sign during the pendency of the action will produce irreparable injury to the defendant.
The plaintiff responds that his right to display the sign is protected by the First Amendment of the Constitution and that right cannot be abridged, even though its exercise may violate an ordinance or cause damage to the defendant.
The principle of law involved here was first enunciated in Marlin Fire Arms Co. v. Shields (171 N. Y. 384) and is succinctly expressed in Nann v. Raimist (255 N. Y. 307, 317): “Equity does not intervene to restrain the publication of words on a mere showing of their falsity (Marlin Fire Arms Co. v. Shields, 171 N. Y. 384). It intervenes in those cases where restraint becomes essential to the preservation of a business or of other property interests threatened with impairment by illegal combinations or by other tortious acts, the publication of the words being merely an instrument and incident.”
The defendant has, with commendable candor, cited authorities both for and against its position but urges that the most recent cases indicate a trend toward granting preliminary injunctions in cases such as this one. However, a reading of these cases makes it clear that the distinction is not one of *200 chronology. Rather, the distinction as to when the courts will and will not grant a temporary restraining order appears to he based upon certain criteria, as follows:
1. Are the signs being displayed at or near the property of the party moving for the preliminary injunction and are they away from the property of the respondent?
2. Is the publication of the words ‘£ merely an instrument and incident ” (Nann v. Raimist, 255 N. Y. 307, supra) to wrongful acts intended to damage the business of the moving party?
I
It is now clear that an individual may maintain an equity action to restrain the violation of a statute or ordinance where some damage or injury to his person or property is or will be done. (Empire City Subway Co. v. Broadway & Seventh Ave. R. R. Co., 87 Hun 279, 282, affd. 159 N. Y. 555; Daub v. Popkin, 5 A D 2d 283, 286; Armstrong v. Gibson & Cushman, 202 Misc. 399, 40Ó.)
Since the defendant alleges damage to his property he is a proper party in interest and may sue to compel the enforcement of the ordinance.
However, the question of whether the town ordinance prohibits this type of sign cannot be answered upon the papers before me. Is this an ££ advertising sign ”, or does the sign’s content contain protected speech? If the message is speech rather than advertising, may it nevertheless be enjoined as falling within the permitted prohibition of People v. Stover (12 NY 2d 462) ?
It is difficult to place any precise limits upon the word ££ advertising ”. Does that word refer solely to the exploitation of a commerical product? Obviously, the plaintiff’s message is intended to advertise his position vis-á-vis his claim against the defendant, but can the personal opinion of a property owner painted on a sign upon his own lot be prohibited as advertising? For example, would signs advocating the election of a particular political candidate be in violation of the town ordinance and, if so, could they be constitutionally enjoined? One court has held they may be, at least where the .sign is erected in a prohibited area on a vacant lot adjoining premises rented as presidential political headquarters (Matter of Gibbons v. O’Reilly, 44 Misc 2d 353).
It would be inappropriate in this application to determine without other proof whether or not the plaintiff’s message is advertising as intended by the ordinance. There is nothing presently before the court other than the bare ordinance itself, *201 to point ont a direction one way or the other, particularly since the ordinance does not prohibit every sign but only an “ advertising sign or billboard”. (See, e.g., Matter of Cromwell v. Ferrier, 19 N Y 2d 263.)
II
In every case cited by the defendant in support of that part of its application which is based upon OPLE 6301, the signs were displayed at or near the property of the moving party and at a distance from the property of the respondent. Both of these elements appear to be necessary.
For example, in West Willow Realty Corp. v. Taylor (23 Misc 2d 867) the defendant had purchased a house from a corporation which had no connection with the plaintiff corporation except that Kohl, another plaintiff, was an officer and stockholder of both corporations. Defendant had sued the corporation which built his home because of alleged defects and misrepresentations and picketed plaintiff’s housing development with a sign stating “I bought a home from this builder. Before you buy, see mine. ’ ’ In addition, plaintiff handed out placards which stated, among other things, ‘‘ Problems and complaints are extensive and especially drainage and sewage. ’ ’ None of the acts occurred at the site of the plaintiff’s own home.
The court granted a temporary injunction prohibiting defendant from picketing plaintiff’s development and from displaying or delivering to anyone signs or written or printed statements derogatory to the business of the plaintiff. The court held that the law afforded the defendant a remedy for prosecuting his claims and it was improper for him to attempt to intimidate plaintiffs by words and conduct which were designed to coerce a settlement.
In Springfield, Bayside Corp. v. Hochman (44 Misc 2d 882) the defendants did not picket the premises about which they were complaining but, instead, picketed the management office a block and one-half away. The court, in granting the injunction, further found that the defendants’ dominant purpose was to injure plaintiff’s business, thereby applying the Nann v. Raimist (255 N. Y. 307, supra) “instrument and incident” standard.
In Saxon Motor Sales v. Torino (166 Misc. 863) the purchaser of an automobile from the plaintiff was enjoined from parking his car which bore signs on the sides and rear derogatory of the quality of the car. Here the defendant parked his car in front of the plaintiff’s place of business. Also to the same effect, see Tappan Motors v. Waterbury (65 Misc 2d 514).
*202 Among the cases opposed to the defendant’s position is Dicta Realty Assoc, v. Shaw (50 Misc 2d 267) decided in 1966, where the Supreme Court, Queens County, distinguished Springfield, Bayside Corp. v. Hochman (supra) and held that a tenant has the constitutional right to peacefully picket outside the apartment building where he lives carrying signs critical of the service and maintenance of the apartment building.
In Singer v. Romerrich Realty Corp. (255 App. Div. 715) the Second Department, citing Marlin Fire Arms Co. v. Shields (171 N. Y. 384), reversed an order of the trial court which granted a temporary injunction against the plaintiffs who had placed signs on their own house complaining of the faulty construction and inviting the public to enter the house and inspect it. The affidavits in support of the motion for the temporary injunction alleged that when prospective purchasers for defendant’s remaining houses visited plaintiffs’ home at the invitation of the signs, the plaintiffs made disparaging remarks about the defendant’s houses which were calculated to and did in fact dissuade prospective purchasers from buying.
However, it is significant that the dissenting opinion noted (supra, p. 716): “ Assuming, as do my brethren, that the signs constitute a libel, if their erection were plaintiffs’ only tortious act then under the Marlin case the court would not be justified in restraining its publication, because damages would afford an adequate remedy for the wrong.” Justice Johnston based his dissent, however, not on the libel, but on the fact that it was being used as “‘an instrument and incident ’ resorted to by plaintiffs in their wrongful and malicious efforts to destroy defendant’s investment and ruin its business. ’ ’ Thus, even the dissent recognized the necessity for the instrument and incident standard where the words are upon signs at or near the plaintiff’s own premises.
In this case the sign in question is located upon the plaintiff’s own property. It is also adjacent to the defendant’s subdivision, but its primary location, the plaintiff’s premises, would seem to bring it within the rules of Singer v. Romerrich Realty Corp. (255 App. Div. 715, supra), rather than that of West Willow Realty Corp. v. Taylor (23 Misc 2d 867, supra), and the defendant’s application for a preliminary injunction must therefore be denied unless the words fall within the Nann v. Raimist standard.
Ill
According to the defendant’s answer, the building contract executed by the plaintiff provides: ‘ ‘ any dispute as to whether *203 or not * * * construction has been properly completed * * * shall be determined as follows: The builder and owner shall each select a person, and the two selected shall agree upon a third unbiased person * * * The parties hereto agree that they will be bound by the majority decision of said three persons.”
The plaintiff and the defendant, by contract, agreed upon a particular procedure for the disposition of any dispute which arose between them, at least with respect to whether or not construction was properly completed. Instead of employing that procedure, the plaintiff has commenced this lawsuit. Whether there was a proper reason for doing so is a question more appropriately left to the trial court, particularly since the arbitration clause has been raised by the defendant as an affirmative defense.
However, the plaintiff has done more than simply commence a lawsuit. He has erected a sign bearing a message which involves the very issue raised in his suit. This contemporaneous act makes out at least a prima facie showing that the publication of the words is intended as an “ instrument and incident ” to the apparent primary motive of the plaintiff to interfere with the defendant’s business and thereby coerce a settlement of the pending action. Were there not a lawsuit pending, the conclusion might well be different, but under the existing circumstances the defendant’s application for a temporary injunction should be granted as coming within the Navm v. Raimist rule (supra).
Because the case is pending, it should be emphasized that this decision is limited solely to this application and is not determinative of any of the issues of fact raised by the pleadings and the motion papers which can only properly be resolved after a full exposure of all of the proof at the trial.
The application for a preliminary injunction is granted upon the condition that defendant be ready for trial when reached. The plaintiff, upon appropriate application, is granted an immediate trial.