■     In the Matter of DONALD J. GAETANO, Petitioner, v. AUSTIN W. ERWIN, as a Justice of the Supreme Court of the State of New York, et al., Respondents.— Application granted to the extent that the temporary restraining order contained in respondents' show cause order of October 18, 1974 is vacated, and the application is otherwise denied without costs and the parties are directed to proceed to a hearing on the application for a preliminary injunction on Friday, October 25, 1974. Following such determination the parties shall be entitled to an immediate trial of the issues. Memorandum: In this article 78 proceeding petitioner Donald J. Gaetano seeks judgment vacating the temporary restraining order contained in the show cause order signed ex parte by respondent Austin W. Erwin, Justice of the Supreme Court, on October 18, 1974, which enjoined Gaetano from exhibiting certain alleged obscene movie films. Petitioner Gaetano also seeks judgment dismissing the underlying action. It appears that under CPLR 6330 respondent Jack B. Lazarus, District Attorney of Monroe County, instituted an action to enjoin permanently the petitioner herein from exhibiting such films. The show cause order temporarily restraining Gaetano was issued under CPLR 6311 and 6313. Pursuant to CPLR 6330 (subd. 2) Gaetano served his answer the next day, Saturday, October 19 and demanded that the issues be tried within one day thereafter as provided in that subdivision. Since the court was not in session on Sunday, October 20, such demand was not fulfilled. On Monday, October 21 the court deemed the demand effective as of that day and set the case down for trial the next day. Gaetano then instituted this proceeding before us seeking a judgment vacating the restraining order in respondents' show cause order, prohibiting the trial court from proceeding to try the action and demanding dismissal of the action for failure of the court to grant the trial within one day. CPLR 6313 requires the court which grants a temporary restraining order to set a date for hearing the matter of the issuance of a preliminary injunction " at the earliest possible time " (subd. [a]). Respondents' show cause order was made returnable in 10 days. In the circumstances of this case such remote date was clearly in violation of the intent of the statute (CPLR 6330). In applications relating to CPLR 6330 (enjoining distribution of obscene

prints and articles) First Amendment rights are involved. Cases involving freedom of expression and of speech are subject to special due process rules with respect to the application of prior restraint, that is, the enjoinder of acts before an opportunity for hearing as to their propriety. It has long been held that the government must bear a heavy burden in showing justification for such prior restraint (*New York Times Co.* v. *United States,* 403 U. S. 713; *Organization for a Better Austin* v. *Keefe,* 402 U. S. 415; *Bantam Books,* v. *Sullivan,* 372 U. S. 58, 70; and see, *A Quantity of Books* v. *Kansas,* 378 U. S. 205, 213). The precise procedure for protecting the immediate rights of the People and of the individual citizens in a case of alleged exhibition of obscene material is not spelled out in CPLR 6330. We do not here decide the question whether in any case involving First Amendment rights the court may grant a prior restraint without a hearing. On the facts in this case, however, we conclude that upon the application under CPLR 6313 for a temporary restraining order with respect to the exhibition of alleged obscene movie films under CPLR 6330, the court must make inquiry to ascertain that reasonable cause clearly exists for finding that the material sought to be enjoined is obscene at which inquiry the person charged with exhibiting it shall have an opportunity to be heard preliminarily. After such a hearing, if the court concludes that such cause exists it may issue a preliminary injunction pending trial of the issues (see *Roaden* v. *Kentucky,* 413 U. S. 496; *Heller* v. *New York,* 413 U. S. 483, 488–489; *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49; *Miller* v. *California,* 413 U. S. 15; *Freedman* v. *Maryland,* 380 U. S. 51, 57–59; *Brown* v. *Kingsley Books,* 1 N Y 2d 177, affd. 354 U. S. 436, 440; *Redlich* v. *Capri Cinema,* 43 A D 2d 27; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6330.02). In any event after the determination by the court of such application the parties shall be entitled to an immediate trial of such issues presented in the pleadings. (Application for an order of prohibition.) (Order entered October 24, 1974.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Mahoney, JJ.