Bertram Harnett, J.
The gnawing frustration of a disappointed buyer is most often absorbed in his own anatomy or sometimes in a well-placed kick at the nearest defenseless object. Occasionally, he turns to the courts, but at unwanted expense. Sometimes the buyer spins a flight of revenge. Sometimes circumstances conjure a dramatic strike at a fancied tormentor, sometimes at a real one. Here, the strike came in the form of picketing.
This is the story of two condominia: "The Village on Artist Lake” and "The Villas in Nassau.” The Village was developed in Suffolk by Marchant Properties, Inc. The Villas is currently being developed in Nassau by Plainview Realty, Inc., the plaintiff in this case.
The unit owners of the Suffolk Village are apparently unhappy with the construction of their homes, and the ostensible refusal of the developer to make necessary improvements. Apparently, The Village owners planned to air their complaints by picketing The Villas construction site in Nassau. Plainview Realty, Inc. (the Nassau site developer) made this motion to enjoin the picketing and was granted a temporary restraining order pending this determination. As yet, there has been no picketing.
As Plainview sees it, the Suffolk Village owners, unable to get satisfaction to this point from their own developer, Mar-chant, are now seeking to pressure Marchant by picketing Plainview’s job site and scaring away customers. This is unfair, Plainview claims, since it and Marchant are separate and unrelated corporations. It argues it is unlawful coercion for one to picket a stranger in order to influence the other. (West Willow Realty Corp. v Taylor, 23 Misc 2d 867.)
Peaceful picketing is a form of speech protected by the First and Fourteenth Amendments to the United States Constitu *517 tion against governmental interference, including our injunction. (Senn v Tile Layers Union, 301 US 468; Thornhill v Alabama, 310 US 88.) While improper picketing can be prevented (Cox v Louisiana, 379 US 559), picketing is presumed to be peaceful and proper, and the burden of demonstrating its impropriety rests on those who would enjoin it. (Food Employees v Logan Plaza, 391 US 308; Organization For Better Austin v Keefe, 402 US 415.) This burden is particularly heavy when a plaintiff seeks an injunction, a prior restraint, to suppress speech before it is uttered. (Near v Minnesota, 283 US 697; Gaetano v Erwin, 46 AD2d 735.) Even utterances, such as the plaintiff here fears, designed to coerce a party to act, may be protected by the First Amendment. (Organization For Better Austin v Keefe, supra.)
Generally, the right to picket stops when the motive to picket becomes malicious, an actual and unredeeming intent to injure. (National Assn. for Advancement of Colored People v Overstreet, 221 Ga 16; New York Times Co. v Sullivan, 376 US 254.) Malice must be determined from the circumstances in each case. Arguably, malice is shown in picketing a corporation with whom one has no grievance. (See Segal v Wood, 42 AD2d 548.) This is where Plainview takes its stand, relying almost entirely on West Willow Realty Corp. v Taylor (supra), for its footing.
In West Willow, the defendant bought a house from White-wood Estates, Inc. Dissatisfied with the quality of his home, he picketed the site being developed by the plaintiff, West Willow Realty Corp. The court found there was "no connection” between the plaintiff corporation and Whitewood Estates, but then had to concede that "the present and major stockholder” of West Willow was also "an officer and stockholder” of Whitewood Estates. The court enjoined the picketing, finding the defendant’s grievance with West Willow was "immaterial” to his picketing of Whitewood, an unrelated corporation.
The vitality of West Willow must be at least suspect in light of the Supreme Court’s subsequent permissiveness in Organization For Better Austin v Keefe (supra). Without giving vent to any dissatisfaction with West Willow on its facts, we observe the facts here are markedly different. For the purposes of this motion, the correlation of the two building activities is much more complete.
The plaintiff presents only the bare statement that the corporations are "separate and unrelated,” although it does *518 admit that "a few but not all of the principals in each corporation are the same individuals.”
On the other hand, the defendants offer without contradiction that the plaintiff advertised its villas in Nassau condominium by showing photographs of The Village on Artist Lake Condominiums in Suffolk and claiming to be its builder, and that until recently the principals of both corporations were the very same individuals. Moreover, both Marchant Properties and Plainview Realty share a common office address.
While at one extreme it may be wrongful and malicious to picket a corporation with whom one has absolutely no grievance; at the other extreme, a business should not be able to shield itself from legitimate protest simply by changing corporate hats. The plaintiff has failed to show that the corporations are so unrelated as to warrant a prior restraint on the defendants’ First Amendment rights. (See Bakery Drivers Local v Wohl, 315 US 769.) Indeed, the surface appearances lend substance to a claim of relationship.
The preliminary injunction is denied. The temporary restraining order is vacated.