OPINION OF THE COURT
Edward J. Greenfield, J.
Motion by plaintiff for an order enjoining defendants, tenants at 515 West 59th Street, pendente lite, from placing, affixing or exhibiting in or about the windows of said premises, any sign or placards and specifically signs containing the words "Rent Strike” is granted.
The defendant tenants, who are a small minority of the residents of the building, object to a rent increase granted plaintiff by the State Division of Housing and Community Renewal effective June 1, 1977. Plaintiff contends that a "strike” committee was formed to bring coercive action against plaintiff to reduce the rent increases. All but three of the defendant tenants have occupancy agreements which prohibit the exhibition or placing of any sign, advertisement, *526 notice or other lettering on any part of the outside or inside of the premises without the prior written consent of the landlord.
Although defendants attempt to frame the issue in terms of their right of free speech, the court is of the opinion that a preliminary injunction should issue. As noted above, 21 of the defendant tenants are expressly prohibited by their occupancy agreements from exhibiting signs; however, even absent such a clause, an injunction is proper.
Although none of the cases cited by plaintiff are directly on point, they all support the conclusion that where the relationship of the parties to a private dispute has its origin in contract, no party should be permitted to use economic coercion, such as picketing, to obtain the desired result.
In West Willow Realty Corp. v Taylor (198 NYS2d 196) defendant, who had purchased a home from a corporation not a party to the action, was enjoined pendente lite from picketing the entrance to the development of the corporate plaintiff since defendant’s words and conduct were obviously designed to intimidate plaintiffs to coerce a settlement of defendant’s claims and pending action against his vendor.
In Springfield, Bayside Corp. v Hochman (44 Misc 2d 882), tenants were preliminarily enjoined from picketing plaintiff’s premises in a manner threatened by them to urge prospective tenants not to rent. In the latter case, the court noted that unilateral coercive action, calculated and likely to inflict economic damage far more severe than warranted by even the most justifiable complaint of the type involved (alleged foul smelling fumes from the burner, disrepair of play area and radiators that could not be controlled) should not be permitted.
It is apparent that defendants are seeking to economically coerce plaintiff into meeting their demands, which is the type of conduct enjoined in the preceding case cited. In Saxon Motor Sales v Torino (166 Misc 863), defendant, a disgruntled purchaser of an automobile, was enjoined from parking his car, derisively marked, in front of plaintiff’s place of business.
Significantly, there is presently pending an article 78 proceeding for judicial review of the order granting the rent increase and defendants have agreed to halt their "Rent Strike” by paying their base rent and withholding, pending a determination of the article 78 proceeding only the rent increase.
*527 The irreparable damage which may, indeed probably will be sustained by a landlord in this type of case, exceeds any inconvenience to which a tenant would be subjected if he were restricted to less drastic remedies, Springfield, Bayside Corp. v Hochman (supra, p 885).
Accordingly, plaintiffs motion for a preliminary injunction is granted to the extent of enjoining the defendants, their agents, servants and employees and members of their families residing with them from placing, affixing in or about the windows of the premises any signs or placards of any/and relating to their alleged grievances concerning the rent increase or containing the words "Rent Strike”. Plaintiff shall furnish a surety bond in the sum of $200 as to each defendant in this action.