■ CITY STORE GATES MFG. CORP., Respondent, v UNITED STEEL PRODUCTS, INC., et al., Appellants.—In an action for a permanent injunction and to recover monetary damages, defendants appeal from an order of the Supreme Court, Queens County, dated July 24, 1979, which, after a hearing, (1) granted plaintiff a preliminary injunction prohibiting defendants from placing their signs over signs placed by plaintiff on security gates manufactured and installed by plaintiff on premises throughout the City of New York and (2) dispensed with the posting of a bond. Order modified by adding to the second decretal paragraph thereof, immediately following the words "New York", the following: "and upon which defendants have not been called to service", and by deleting the third decretal paragraph thereof. As so modified, order affirmed, without costs or disbursements, and case remitted to Special Term for further proceedings consistent herewith. Plaintiff and defendants are engaged in the business of manufacturing, installing and repairing metal security gates throughout New York City. It is a common practice of this industry for the company that installs these gates to place a bumper sticker upon them, with permission of the owner, indicating the name of the seller and its telephone number. It is also common practice for a company which did not originally install a gate but which has been called into service same to place its own sticker over that of the installer. In this action, defendants deny having ever placed their stickers over those of plaintiff, regardless of whether defendants had been called to service the gates in question or otherwise. They do concede, however, that these acts were done. A preliminary injunction may be issued to prohibit acts which wrongfully suppress competition or amount to unfair competition. *(Tappan Motors v Waterbury,* 65 Misc 2d 514.) The case at bar presents a situation where plaintiff will, in all likelihood, be irreparably injured by the continued covering of its stickers pending the trial of the action. Plaintiff's right to advertise itself to the public will be diminished and the benefit of its labor, skills and good name are and will be, in effect, transferred to defendants. Even though there is a factual dispute regarding defendants' culpability, there is no dispute that the acts complained of have occurred. If a defendant will suffer no great hardship from the issuance of a preliminary injunction which is necessary to preserve the *status quo,* such will be issued despite a factual dispute. (See *Farmer v Norton,* 236 NYS2d 906.) In this case, it is defendants' claim that there will be an inequity caused by prohibiting them from covering plaintiff's signs pending trial, even when they would have the customary right to do so (i.e., after servicing plaintiff's previously installed gates). This custom is admitted by plaintiff. That being so, the preliminary injunction is modified to the extent of prohibiting defendants from covering plaintiff's signs only in those instances where they have not beeen called to service them. We encourage the parties to proceed to trial expeditiously so that their respective rights may be determined. Finally, Special Term had no power to dispense with an under-

taking, which is required pursuant to CPLR 6312 (subd [b]). (See *Blumberg v Thomaston-Spruce Corp.*, 46 AD2d 671; *Smith v Boxer*, 45 AD2d 1054.) Accordingly, the matter is remitted to Special Term for the purpose of fixing the amount of the bond. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.