■ TOMMY'S TAXI, INC., et al., Respondents, v CORY TRANSPORT, INC., et al., Appellants.—In an action for a permanent injunction restraining the defendants from parking, standing and cruising, offering or soliciting to carry passengers for hire in the parking area or travelway of the Bay Shore Long Island Railroad station in the Town of Islip, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated July 22, 1985, which granted a permanent injunction extending during the duration of the plaintiffs' license by the Long Island Railroad Company, enjoining the defendants from parking taxicabs and operating a motor vehicle taxi service in 22 taxi stalls on the south side of that railroad station.

Ordered that the judgment is affirmed, with costs.

The plaintiffs, holders of a license to park 22 taxicabs and to operate a taxicab service at the Bay Shore station of the Long Island Railroad, seek to enjoin the defendants, also engaged in the taxicab business, from interfering with the conduct of the plaintiffs' business and from parking, standing and cruising, offering or soliciting to carry passengers for hire in any parking area and travelway of the Long Island Railroad Bay Shore station, which is within the Town of Islip. Code of the Town of Islip § 58-5 provides that "[i]t shall be unlawful for any person in any motor vehicle to park, stand or cruise, to offer or solicit to carry passengers for hire, in any parking area or travelway at any railroad station in the Town of Islip,

unless a written lease or agreement to do so has been entered into with the railroad and/or the Town of Islip". Based on a stipulated and agreed upon set of facts, which included the stipulation that "the defendants and plaintiff do offer and solicit to carry passengers for hire, in their motor vehicles in the parking area and travelway of the Railroad Station in Bay Shore, New York, while standing or while parked thereat", the trial court granted a permanent injunction to the plaintiffs.

We affirm. The plaintiffs' business and their license with the Long Island Railroad constitute a property right (see, Sommer v Kaufman, 59 AD2d 843; Tappan Motors v Waterbury, 65 Misc 2d 514). The plaintiffs therefore have standing to seek to enjoin a violation of Code of the Town of Islip § 58-5 by the defendants inasmuch as they seek to protect their property right (see, Lanvin Parfums v Le Dans, Ltd., 9 NY2d 516, cert denied 368 US 834; People ex rel. Bennett v Laman, 277 NY 368). In light of the defendants' admission that they were soliciting passengers in the parking area and travelway of the railroad station, the trial court did not err in finding that such conduct violated the Town Code and infringed upon the property right of the plaintiffs. We conclude that the imposition of a permanent injunction was proper (cf., All Am. Taxi v Aiello, 32 Misc 2d 549). Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.