AMERICAN MALTING CO. v. KEITEL.

(District Court, S. D. New York. October 20, 1914.)

INJUNCTION (§ 63*)—EQUITY JURISDICTION—LIBEL—INDUCING BREACH OF CONTRACT.

A court of equity is without jurisdiction, in the absence of statute, to enjoin the publication and circulation of libels, even though they may injure the complainant in his business or property; but it has jurisdiction to enjoin the issuance of circulars to customers of complainant, which are not only libelous, but are direct and malicious attempts to induce such customers to break existing contracts ·with complainant, and to refuse to pay for merchandise purchased, and, where the case is clearly established, complainant is entitled to such injunction.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 63.*]

In Equity. Suit by the American Malting Company against Adolph Keitel. Decree for complainant.

See, also, 209 Fed. 351, 126 C. C. A. 277.

Isaac H. Levy and George Gordon Battle, both of New York City, for complainant.

Ralph B. Ittelson, of New York City, for defendant.

HOUGH, District Judge. A full hearing in this litigation has not changed what appeared to be its nature when looked into on motion for preliminary injunction. The Circuit Court of Appeals (209 Fed. 351, 126 C. C. A. 277) found in the bill and affidavits an endeavor to enjoin defendant from the further issuance of libels well calculated, not only to hold sundry persons connected with complainant up to hatred, ridicule, and contempt, but also to seriously injure complainant's business. The Appellate Court has in unmistakable terms held that, in so far as the action is brought to prevent repeated libels, it cannot be maintained for lack of jurisdiction in equity; but it has also pointed out (209 Fed. 358, 126 C. C. A. 277) that it is an actionable wrong for a third person without justification to induce a party to a contract to break his agreement.

The testimony of Keitel himself has established beyond peradventure that the numerous and long-continued circulars issued by him do relate to the American Malting Company. In these circulars he has accused the complainant of fraud, extortion, and dishonesty of many kinds, and branded some of the men connected with the complainant as criminals. Most of his accusations contain (whatever else he says) the assertion that these evil things are done by the trust or combine. On the trial of this case he denied over and over again that by trust or combine he referred to the American Malting Company at all; but when one of his circulars was made the ground of criminal prosecution he admitted in open court that he did refer to the complainant here when he used the word trust or combine. He says now that he lied upon his trial for criminal libel at the suggestion of his counsel. This admission alone is enough to destroy the value of his oath, but it is demonstrable from the language of his own circulars as to the complainant that he is not telling the truth.

His object in attacking complainant is not very clear unless it be inspired by personal hatred. He says he does not think that complainant makes more than 10 per cent. of the amount of malt necessary to supply the United States, and that his object in issuing circulars is to reduce the price of malt by breaking up through the hostility of customers any and all combinations to raise prices. Why such a long series of assaults upon a 10 per cent. producer should be expected to bring about this result I do not see. From Keitel's own testimony it is inferable that he seeks contributions from consumers of malt, telling them that a combination to maintain prices exists, and holding out to them the hope that by abusing the combination he can reduce the price of what they want, and he has volunteered the statement that out of such contributions he gets a good living. So far as discoverable he has no other source of livelihood. A living is his probable motive.

It is concluded, therefore, that statements of the most injurious character, and libelous both as to persons and business, have been for years propagated by the defendant, clearly directed toward complainant, and continued after his conviction for libels contained in one circular, which does not differ in any material respect from any of its successors and predecessors. As defendant has stood upon the deci-

sion of the Circuit Court of Appeals, no endeavor has been made to show the truth of any of the libelous statements—indeed, most of the statements complained of have been (so to speak) avoided by the false assertion that they did not refer to the American Malting Company. As to some of the libelous statements, complainant has given evidence tending to show their falsity.

It has been plainly shown that defendant issued broadcast circulars suggesting to complainant's customers not to pay their bills and to cancel their contracts. No pecuniary damage has been shown to have arisen from these efforts. Contracts have been canceled and customers have refused to pay their bills, but there is no evidence that they took either course by reason of defendant's operations. Upon the whole, the case stands just as it did in the Circuit Court of Appeals. Encouraged by the opinion of that court, Keitel now admits (or unsuccessfully denies) a deliberate, malicious, and, so far as this court is informed, wholly unfounded, series of libels; but he is, I think, quite right in asserting that this suit yields no remedy against him.

It is suggested that, now the record of conviction is before the court, and it can be seen for just what Keitel was convicted, the case stands on a different foundation. I do not think so. Even if he had always disseminated the same libel—had always used the same form of words —each publication would have been a new defamation and a new cause of action. The argument advanced against equitable jurisdiction would have been just the same as that which has prevailed so frequently and become authoritative in this circuit by the decision herein.

The legal propositions to which complainant has appealed by bringing this suit may be stated under three heads:

(1) Admitting that injunction will not lie against mere libel or slander—it may nevertheless be resorted to, after judgment, by way of enforcing the judgment. This proposition has been denied by the circuit Court of Appeals in this case. It may be noted that the denial of power made in the federal courts cannot go any further than that which has been laid down in the courts of our own state. In Marlin Fire Arms Co. v. Shields, 171 N. Y. at page 391, 64 N. E. 163, 59 L. R. A. 310, it was admitted that the plaintiff there had no adequate remedy at law, and it was also held that even that fact gave him no remedy in equity.

(2) Where the words and writings of a defendant are not only slanderous or libelous, but are calculated to frighten, intimidate, or coerce the customers or clients of the complainant into discontinuing business relations, equity may interfere by injunction. It did not appear on preliminary hearing, nor does it appear now, that Keitel's circulars are calculated to frighten, intimidate, or coerce anybody. They are calculated to make the complainant very angry. They do seek to produce feelings of hatred toward complainant and its officers. In other words, they are merely libels. There is nothing coercive about them. The difference between the two kinds of abuse is well illustrated by Marlin Fire Arms Co. v. Shields, supra (which, like this, was a case of mere defamation), and Pratt Food Co. v. Bird, 148 Mich. 631, 112 N. W. 701, 118 Am. St. Rep. 601 (where the defendant was a person in

authority who issued defamatory matter accompanied by threats). The difference between a mere defamer and one who has or pretends to have power to injure the persons to whom he publishes his defamations is always to be borne in mind. The most common illustration of equity interfering to prevent attempted coercion is of proceedings against persons who threaten suits on patents or attempt to make unjustifiable use of court decrees. See the cases well summarized in Asbestos, etc., Co. v. Johns-Manville Co. (C. C.) 189 Fed. 611.

(3) Any endeavor to interfere with the existing contractual relations of a complainant with clients or customers may be enjoined. Of this Keitel is plainly guilty. He has (but not lately) incited complainant's customers to break their contracts. He has done so without any legal excuse and with malice. An injunction against this conduct will be granted. That he has discontinued the practice of late is a matter of no moment. On this hearing he has acknowledged he made a mistake, in the sense that he overstepped the bounds of caution. But he is entirely unrepentant, and complainant is entitled to have its rights embodied in an injunction.

A final decree along these lines will pass, with costs.