JACOB WILNER, Respondent, v. JOSEPH BLESS, as Treasurer of Local No. 305 of the Bakery and Confectionery Workers International Union of America, Appellant.

*Injunction — labor unions — members of labor union local enjoined from proclaiming existence of lockout.*

When the purpose of signs carried and circulars distributed by members of a labor union is to injure plaintiff's business by the dissemination of false or misleading information as to the nature of the dispute between him and the union, injunctive relief will be granted.

*Wilner* v. *Bless*, 216 App. Div. 710, affirmed.

(Argued May 28, 1926; decided June 8, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 27, 1926, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The judgment permanently enjoined the defendant " From picketing in front of or in the immediate vicinity of plaintiff's place of business at No. 1074 Second Avenue, Borough of Manhattan, City of New York, and from disseminating information either orally or in writing, to the effect that plaintiff locked out his employees or to the effect that there is or was a strike in plaintiff's said place of business."

*Morris Hillquit* for appellant.

*Henry Mayer* for respondent.

*Per Curiam.* On the facts as found the signs carried and circulars distributed by members of defendant's local did not honestly or fairly state the nature of the labor dispute between the plaintiff and the local; *i. e.*, that plaintiff had refused to renew his contract to employ only members of the defendant's local; that he had made an agreement with another labor organization to employ its members only for one year and that the term of the contract between plaintiff and defendant's local had expired.

As the purpose of the dissemination of the false or misleading information was to injure plaintiff's business and so to coerce him to employ members of the defend-

ant's local only, plaintiff was entitled to have them enjoined from proclaiming the existence of a lockout of union labor.

The case does not come within the doctrine that equity will not enjoin the publication of a libel. The acts were wrongfully and continuously done to cause damage to plaintiff by coercive methods. Damage might be difficult of proof and equity will give relief.

The injunction is construed as relating to the findings of fact and directed against the acts therein found.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.