OLD INVESTORS AND TRADERS CORPORATION, Plaintiff, *v.* JOHN F. JENKINS and Another, Individually and as Copartners, Doing Business under the Firm Name and Style of JENKINS & RYAN, and Others, Defendants.*

Supreme Court, New York County, November 20, 1928.

*Merrill, Rogers, Gifford & Woody,* for the plaintiff.

*Spence, Hopkins & Walser,* for the defendant.

PETERS, J.   Among other things, the complaint alleges that the defendants Jenkins and Ryan are engaged in a similar kind of business as the plaintiff and are its competitors; that the plaintiff is engaged in the business of a dealer in commodities, stocks and bonds, and has a large number of customers through the Southern and Western States; that the defendant Charles L. Bowen compiles and issues a circular known as " Bowen's Confidential Service, Financial Investigations and Reports;" that the defendants Jenkins and Ryan, on or about August 11, 1928, sent out to plaintiff's customers, by mail, a circular concerning the plaintiff, and are continuing to send out such circulars; that this circular is prepared, published and printed by defendants Bowen and Rowntree; that the statements contained in said circulars are all false, untrue and dishonest to the knowledge of the defendants; that the statements so contained in said circular are published by the defendants with the knowledge that they are false and for the purpose of injuring the plaintiff in its business and deceiving the public and plaintiff's customers; that the defendants Bowen and Rowntree

* Affd., 225 App. Div. 860.

have in the course of preparation another circular containing false and untrue statements concerning the plaintiff and plaintiff's business, and unless the defendants are restrained by injunction, this circular will be sent out to plaintiff's customers immediately, to plaintiff's irreparable injury; and that plaintiff has no adequate remedy at law.

For the purpose of this motion the circular is admitted to be false, untrue and dishonest to the knowledge of defendants. If the only purpose of this action was to enjoin the publication of a threatened libel equity would not have jurisdiction of the action. (*Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384.) There is, however, much more involved in this case than the mere publishing of a libel.

The complaint is based on the theory of unfair trade competition. The mailing or sending of false, untrue and dishonest statements to the customers of an established firm, for the purpose of injuring the firm in its business and deceiving the public and plaintiff's customers, is a form of unfair trade competition which can be as injurious as the establishment of a competitor in the neighborhood using the same or a similar name and circularizing the firm's customers for the purpose of confusing them and obtaining their patronage.

In the case of *Wilner* v. *Bless* (243 N. Y. 544), involving a labor dispute, injunctive relief was granted where the purpose of the signs carried and circulars distributed by members of the labor union was to injure plaintiff's business by the dissemination of false or misleading information as to the nature of the dispute between plaintiff and the union.

In *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin* (245 N. Y. 260) the court said: " Where the end or the means are unlawful and the damage has already been done the remedy is given by a criminal prosecution or by a recovery of damages at law. Equity is to be invoked only to give protection for the future. To prevent repeated violations, threatened or probable, of the complainant's property rights, an injunction may be granted. This is no novel assumption of jurisdiction. For many years, while leaving to the law redress for single or isolated wrongs to property rights, where there is danger of their repetition, the chancellor has used this weapon to protect the innocent. The theoretical basis of this power has been said to be the avoidance of a multiplicity of actions. Whatever the basis, however, the power is undoubted. It has been exercised in many ways. Repeated trespasses have been prevented; the continued pollution of streams; the maintenance of nuisances; the misuse of a trade name. Other instances might be cited. The

rule is not different where behind the facts presented to the court lies a labor dispute. Freedom to conduct a business, freedom to engage in labor, each is like a property right. Threatened and unjustified interference with either will be prevented."

In *Mark Realty Corp.* v. *Hirsch* (180 App. Div. 549, 554) the court said: " The law relating to unfair competition has a three-fold object: *First,* to protect the honest trader in the business which fairly belongs to him; *second,* to punish the dishonest trader who is taking his competitor's business away by unfair means; and *third,* to protect the public from deception."

While in the action at bar the court could not enjoin the mere publication of a libel, it could, provided the facts of the case warranted, issue an injunction against the defendants from mailing or otherwise sending to customers of the plaintiff false and misleading circulars or reading matter which would take away plaintiff's business by unfair means and deceive the public, and give such other and further relief as would to the trial court seem necessary to protect plaintiff's property rights.

The motion is, therefore, denied, with ten dollars costs.