ADVANCE MUSIC CORPORATION, Plaintiff, *v.* AMERICAN TOBACCO COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, August 31, 1944.

*Chadbourne, Wallace, Parke & Whiteside* for American Tobacco Company, defendant.

*Hartman, Craven & Fuld* for Foote, Cone & Belding, Inc., defendant.

*Leopold V. Eastman* for plaintiff.

HECHT, J. Defendants move to dismiss the complaint, pursuant to subdivision 5 of section 106 of the Rules of Civil Practice for legal insufficiency.

Plaintiff, a subsidiary of Warner Brothers, is a music publisher of popular songs. Defendant American Tobacco Company is the manufacturer of Lucky Strike cigarettes and is the sponsor of a well-known weekly radio program called "Your Hit Parade". Defendant Foote, Cone & Belding, Inc., is an advertising agency employed by defendant American Tobacco Company.

Plaintiff alleges three causes of action. The first charges defendants with gross negligence and asks for damages in the sum of $100,000. The second charges defendants with fraudulent conduct and asks damages in a similar amount. The third charges defendants with unfair competition and seeks injunctive relief. For the purposes of this motion, the allegations of the complaint must be deemed to be true.

Plaintiff alleges that it is the publisher of the current popular song hit entitled, "Don't Sweetheart Me" and numerous other popular songs; that it expends $100,000 a year in promotional activities of its publications, and that it is in vigorous competition with other song publishers. Plaintiff further alleges that the Hit Parade program is performed each Saturday night over a coast to coast network and consists of the rendition of nine or ten songs which defendants hold out to the public as being the nine or ten most popular songs of the week, as determined by an extensive and accurate survey conducted throughout the nation; that the listening audience is estimated to be in excess of fifteen million people per week and that the success of the program depends upon the basic idea of selecting the most popular songs through an extensive and accurate survey of public opinion.

Plaintiff goes on to allege that by reason of the popularity of the program, aided by defendant American's advertising program, the general public, music jobbers and dealers, motion picture studios, song writers, band leaders, etc., have been led to believe that the most popular songs of the week are performed on this program in order of popularity and that in fact an extensive and accurate survey is conducted by the defendants. As a result of the program, plaintiff claims that lists are prepared and advertised (presumably not by defendants) in music stores, setting forth the popular songs of the week as determined by the program; song writers measure the success of a song by its position on the program; use of such songs and

prices paid for them by recording companies and motion picture concerns are determined by their position on the program; selection of songs to be used by band leaders and orders by music dealers for sheet music likewise depend on the position of the songs on the program.

The charge in the first cause of action is that defendants have failed and neglected to make an extensive and accurate survey; that the program does not contain the most popular songs of the week; that the representations of the songs' popularity are recklessly and wantonly made; that defendants know the falsity of their statements or make them without good faith as to their truth or falsity; that plaintiff's songs, including " Don't Sweetheart Me ", are in fact among the nine or ten most popular songs of the week and have either been omitted from the list entirely or given a lower rating than they merit.

The second cause of action realleges the facts set forth above and goes on to state that defendants seek to create suspense in their program by rating songs; that the rating does not result from an extensive and accurate survey, as represented by defendants; that the songs are chosen to fit the capabilities of the singers who render them; that the representations made by defendants are fraudulent in purpose, are malicious and made with intent to deceive and constitute deception of the public at large and all others in the music publishing business, resulting in damage to plaintiff.

The third cause of action, realleging the facts set forth above, charges the defendants with unfair competition and further states that the wrongful acts and representations of defendants have impaired the property rights of plaintiff as a music publisher; that the public at large, music dealers and writers are being deceived by the fraudulent acts and representations of defendants, all of which result in damage to plaintiff's business.

The complaint contains no allegation of special damage to plaintiff.

In its first cause of action plaintiff seeks to hold defendants liable on two theories: (1) negligent use of ratings to the public at large, which are acted upon by the public, to plaintiff's damage, and (2) negligent acts toward plaintiff directly in failing to give proper ratings to plaintiff's songs.

The wrong charged revolves around the statement by defendants that an accurate and extensive survey is made to ascertain the relative popularity of all songs, though in fact, as plaintiff claims, such a survey is not made.

The law in this State on the negligent use of words was exhaustively reviewed by Chief Judge CARDOZO in the case of *Ultramares Corp.* v. *Touche* (255 N. Y. 170). In that case plaintiff advanced money to a third party, relying on the financial statement prepared for the third party by defendant, who knew that it would be used in the usual course of business to obtain credit. Plaintiff claimed that defendant was negligent in preparing the statement. The court sustained the trial court in dismissing that cause of action. It quoted with approval the language in *Courteen Seed Co.* v. *Hong Kong & S. B. Co.* (245 N. Y. 377) to the effect that " negligent words are not actionable unless they are uttered directly, with knowledge or notice that they will be acted on, to one to whom the speaker is bound by some relation of duty, arising out of public calling, contract or otherwise, to act with care if he acts at all." In the *Ultramares* case, the court refused to expand this principle to the facts there, because to do so would extend liability for negligent speech to a point where it would be equal with liability for fraud. To sustain liability for negligent use of words on the facts of the instant case would go far beyond the denial of liability in the *Ultramares* case.

Plaintiff relies on the case of *Glanzer* v. *Shepard* (233 N. Y. 236), to sustain both of its theories on the first cause of action. In that case, defendant was hired by a third party to certify the weight of bags of beans, which certification would control the amount plaintiff would have to pay for the beans. Defendant erred in weighing the beans and delivered a copy of the certification to plaintiff. Plaintiff sued for the overcharges he was forced to pay because of the mistake. In that case, defendant was in the business of certification of weights, which created a duty to weigh properly. Privity between the parties was present because defendant delivered a copy of the certification to plaintiff upon which he was to act. The court in the *Ultramares* case (*supra*) pointed out that the *Glanzer* case (*supra*) was one of the three leading cases fixing the boundaries to which our courts have gone in the expanding field of duty and privilege. Certainly, the relationship of the parties in the action now before the court does not remotely approach that present in the *Glanzer* case.

The second cause of action is predicated on fraud and contains the fundamental elements of that type of action, the only difference being that plaintiff alleges it is damaged not by its own reliance on the representations, but by the public's reliance thereon, which results in its failure to buy plaintiff's songs.

There are cases in which the courts have sustained complaints in which deception of the plaintiff is missing. (*Snow* v. *Judson*, 38 Barb. 210; *Cooper* v. *Weissblatt*, 154 Misc. 522.) In these cases defendants circulated the false information to third parties with the intent of causing injury to plaintiff. The presence of such intent, followed by injury to plaintiff, obviates the necessity of reliance by plaintiff. Disregarding for the moment the label placed by plaintiff on its cause of action, it does not possess the elements which the court indicated it might sustain in *Al Raschid* v. *News Syndicate Co.* (265 N. Y. 1, 3): " Whatever we may call it an action does lie, however, if the complaint states any facts showing a wrong which the law recognizes and will redress. One may not be liable for malicious prosecution and yet be legally responsible for maliciously circulating or giving false information resulting in intentional injury to another."

Plaintiff does not allege any intent on the part of defendants to injure it. The intent to deceive allegedly is directed to " the public at large and all others in the industry affected thereby." In the absence both of reliance and intent plaintiff has not pleaded a cause of action in fraud.

The third cause of action charges unfair competition and seeks injunctive relief. It presents a novel situation which highlights the complex commercial relationships of modern times. The parties are not competitors in the common understanding of the word. The plaintiff publishes sheet music; defendant Tobacco Company manufactures cigarettes and defendant Foote, Cone & Belding, Inc., is in the advertising business. The question presented is whether a person may be enjoined from intentionally making false statements which are injurious to another's business even though they are not in competition.

In this State it is a settled principle in the law of defamation that in the absence of a showing of special damage one may not recover for a slander or libel of property. Our courts will not restrain a libel, including false disparagement of a competitor's goods, and equity will not intervene to restrain the publication of words on a mere showing of their falsity. (*Marlin Fire Arms Co.* v. *Shields*, 171 N Y. 384.) While this decision has been criticized by leading writers on the subject of defamation as lagging behind new relationships created by modern business, it is still the law in this State. (*Singer* v. *Romerrick Realty Corp.*, 255 App. Div. 715.)

The only exceptions to the rule expressed in the *Marlin* case (*supra*) are in cases where the disparagement is made by a competitor (*Allen Mfg. Co., Inc.*, v. *Smith*, 224 App. Div. 187), or incidental to the commission of some greater and more inclusive tort, such as appropriation or the wrongful use by defendants of plaintiff's property, trade mark or name (*Madison Square Garden Corp.* v. *Universal P. Co., Inc.* (255 App. Div. 459), or damage threatened by coercion. (*Wilner* v. *Bless*, 243 N. Y. 544.) Here the facts alleged do not show a competitive relationship between plaintiff and defendants.

Assuming the truth of the allegations of the complaint, no one can gainsay that the defendants' business practices are morally blamable. In this regard we find the language of Mr. Justice SEARS in *Allen Mfg. Co., Inc.*, v. *Smith* (*supra*, p. 192) particularly apposite: " As to the final class of fraud, that is, dishonest business practice, * * * the wrong is too remote from the plaintiff, even though the fraud is practiced upon the plaintiff's customers, to warrant the granting of injunctive relief at the plaintiff's instance. The customers in such cases are wronged. Theirs (and the State's) must be the relief. The courts cannot regulate such trade practices at the instance of a competitor. We heartily condemn such business methods, but we find no grounds in precedent or reason for extending the jurisdiction so far as to enjoin them."

While I recognize that the law is progressive, and that in modern business dealings the zone of liability against those causing injury to others is gradually expanding, I think to sustain the sufficiency of this complaint would extend the rule of liability beyond the scope of the adjudicated cases in this State. The motion to dismiss the complaint is granted. Settle order.