NATHAN D. WOLF et al., Respondents, *v.* JACOB GOLD et al., Appellants.

First Department, November 24, 1959.

*Harry I. Rand* of counsel (*Milton C. Weisman* and *Samuel R. Rudey* with him on the brief; *Weisman, Celler, Allan, Spett & Sheinberg,* attorneys), for appellants.

*Charles H. Tuttle* of counsel (*Thomas A. Shaw, Jr.,* with him on the brief; *Breed, Abbott & Morgan,* attorneys), for respondents.

McNALLY, J. Defendants appeal from an order denying their motion pursuant to rule 106 of the Rules of Civil Practice to dismiss the amended complaint.

Upon this appeal defendants must be deemed to admit the truth of every material allegation of fact contained in the complaint and of any inference that may be legitimately drawn therefrom. (*Lamb* v. *Cheney & Son,* 227 N. Y. 418, 420; *Nevins, Inc.* v. *Kasmach,* 279 N. Y. 323, 325; *Kane* v. *Walsh,* 295 N. Y. 198, 203.) The individual plaintiff Dr. Wolf is the sole stockholder in the plaintiff Lefferts General Hospital, Inc. At one time defendant Dr. Gold was an equal owner of stock in the predecessor hospital corporation. Differences having arisen, Dr. Wolf bought out Dr. Gold's interest.

The amended complaint sets forth 13 causes of action. The first cause of action on behalf of both plaintiffs seeks an injunction against the continuance of an alleged conspiracy to destroy the business and reputations of plaintiffs and the acts in furtherance thereof. The remaining causes of action are for libel and

slander, the second through seventh being alleged on behalf of plaintiff Dr. Wolf and the eighth through thirteenth being alleged on behalf of plaintiff Lefferts General Hospital, Inc.

The issue presented on this appeal is whether or not error has been committed in sustaining the amended complaint. Defendants contend with regard to the first cause of action that the complaint " defies analysis ", and, further, if viewed as an action to enjoin a course of libel and slander, such relief is precluded under the holding in *Marlin Fire Arms Co.* v. *Shields* (171 N. Y. 384). With this contention we do not agree.

If it appears, as alleged in the first cause of action, that the defendants by false statements and other illegal means are engaged upon a deliberate plan to destroy the business and reputations of plaintiffs, and that plaintiffs' legal remedy is inadequate, then the basis for injunctive relief will have been established. (*Peerless Pattern Co.* v. *Pictorial Review Co.,* 147 App. Div. 715, 718; *Old Investors & Traders Corp.* v. *Jenkins,* 133 Misc. 213, affd. 225 App. Div. 860; *Allen Mfg. Co.* v. *Smith,* 224 App. Div. 187, 192; *American Malting Co.* v. *Keitel,* 209 Fed. 351, 358, 217 Fed. 672, 675; *Robert E. Hicks Corp.* v. *National Salesmen's Training Assn.,* 19 F. 2d 963, 965.)

Equity will not restrain the publication of unjust and malicious matter simply on a showing of its falsity. (*Marlin Fire Arms Co.* v. *Shields, supra; Nann* v. *Raimist,* 255 N. Y. 307, 317; *Brandreth* v. *Lance,* 8 Paige Ch. 24; *Zenie* v. *Miskend,* 245 App. Div. 634, 636, affd. 270 N. Y. 636; *Koussevitsky* v. *Allen, Towne & Heath,* 188 Misc. 479, 486, affd. 272 App. Div. 759; *Old Investors & Traders Corp.* v. *Jenkins, supra;* cf. *Menard* v. *Houle,* 298 Mass. 546, 548; Pound, Equitable Relief Against Defamation, 29 Harv. L. Rev. 664–668; 2 Nims, Unfair Competition and Trade-Marks [1942 ed.], § 262.) Equity will, however, restrain tortious acts where it is essential to preserve a business or property interests and also restrain the publication of false and defamatory words where it is the means or an incident of such tortious conduct. (*Beck* v. *Railway Teamsters' Protective Union,* 118 Mich. 497; *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418, 437; *Steinert & Sons Co.* v. *Tagen,* 207 Mass. 394; *Hotel & R. R. News Co.* v. *Clark,* 243 Mass. 317; *Allen Mfg. Co.* v. *Smith, supra; Saxon Motor Sales* v. *Torino,* 166 Misc. 863; *Peerless Pattern Co.* v. *Pictorial Review Co., supra; Maytag Co.* v. *Meadows Mfg. Co.,* 35 F. 2d 403, 408; Restatement, Torts, § 942, *Comment d.*) Defamatory words uttered in aid of another tort are verbal acts, which, with the aided tort, are subject to restraint, if equitable grounds therefor

are present. (*Gompers* v. *Bucks Stove & Range Co., supra,* p. 439.)

We need not at this time pass on the legal effect of the allegations of conspiracy (cf. *Green* v. *Davies,* 182 N. Y. 499).

Additional grounds for injunctive relief are alleged in the first cause of action. We do not address ourselves to said additional grounds because the motion to dismiss under rule 106 of the Rules of Civil Practice must be denied on the showing of a cause of action. (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84.) We are of the opinion that the other specifically enumerated causes of action alleged in the amended complaint are legally sufficient.

The order denying defendants' motion to dismiss the amended complaint for insufficiency should be affirmed, with costs.

BOTEIN, P. J., RABIN, M. M. FRANK and VALENTE, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents.