364 So.2d 860 (1978)
Leroy G. AZAR, Individually and As Trustee, Appellant,
v.
LEHIGH CORPORATION and First United Investors, Inc., a Florida Corporation, Appellees.
No. 78-858.
District Court of Appeal of Florida, Second District.
November 29, 1978.
*861 E.G. Couse of Grace & Couse, P.A., Fort Myers, for appellant.
Thomas R. Spencer, Jr. of Myers, Kaplan, Levinson, Kenin & Richards, Miami, for appellees.
GRIMES, Chief Judge.
This is an appeal from a temporary restraining order filed pursuant to Fla.R. App.P. 9.130(a)(3)(B).
Appellee, Lehigh Corporation, is engaged in the business of developing and selling real property in a large development project in Lee County known as Lehigh Acres. Appellee, First United Investors, Inc., is a registered real estate broker and the sales agent in the State of Florida for Lehigh Corporation. The only motel in the community is owned and operated by Lehigh. The motel is open to the public. Part of Lehigh's promotional campaign for the sale of property is to bring prospective purchasers to Lehigh Acres where they are provided accommodations at Lehigh's expense and given the opportunity to see Lehigh's property and to talk to salesmen regarding the property available for purchase.
Appellant was formerly an employee of Lehigh in the sales department. Since his termination, the appellant has pursued a practice of following prospective customers to the Lehigh Motel and persuading them to rescind their contracts with Lehigh for the purchase of property and to purchase property from him at a lower price. The appellees charged that appellant was surreptitiously obtaining customer lists from some of their employees, but appellant said he could spot their customers by following people down the street and observing whether they were carrying the big envelopes full of sales literature supplied by appellee. Appellant would then seek out the customer in his motel room and offer to handle the rescission of his contract if the customer would move out of the motel and buy a lot from appellant.
Following an evidentiary hearing, the court issued the following temporary restraining order, to wit:
IT IS HEREBY ORDERED AND ADJUDGED that the Defendant, Leroy Azar, is hereby restrained and enjoined from directly or indirectly contacting or soliciting the Plaintiff's perspective [sic] or actual customers on the premises of the Lehigh Resort Motel or at the sales offices of the Plaintiffs if such purchasers are in Lee County as guests of the Plaintiffs. "Guests" of the Plaintiffs shall mean persons who have been invited by the Plaintiffs, either directly or indirectly, to view the Lehigh Acres community and real estate situate therein. "Invited" shall mean those persons who have come to the Lehigh Acres community as a result of any promotional activities of the Plaintiffs wherein some incentive of value *862 has been given or offered to said persons. The "Defendant", Leroy Azar, shall include any person or entity acting in the Defendant's behalf or at the urging of the Defendant, Leroy Azar.
Appellant seeks review of this order.[1]
The appellant asserts that appellees' customers have a right under federal law to rescind their contracts within three days and that he is merely providing them with an opportunity to be relieved of their contract and to obtain comparable property for lower prices. He points out that the customers' "vacation certificates" under which they obtain lodging at no cost or at reduced rates does not obligate them to buy or even to look at the lots offered for sale by Lehigh.
The allegations of the complaint are broader in scope, but the theory upon which the appellees obtained the temporary restraining order was that the appellant was tortiously interfering with the advantageous business relationship between them and their customers.
In Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla.4th DCA 1971), the court enumerated the elements of this tort as follows:
(1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship... .
It is not essential, however, that the business relationship be founded upon an enforceable contract. Franklin v. Brown, 159 So.2d 893 (Fla.1st DCA 1964). Thus, in Calvary Church, Inc. v. Siegel, 358 So.2d 1134 (Fla.3d DCA 1978), the court affirmed a judgment against a corporation for interfering with the plaintiff's agreement to purchase property from another even though the agreement was not necessarily enforceable against the seller. Moreover, proof of fraud is not required to sustain a cause of action for this tort. Smith v. Ocean State Bank, 335 So.2d 641 (Fla.1st DCA 1976).
There is a narrow line between what constitutes vigorous competition in a free enterprise society and malicious interference with a favorable business relationship. Under the heading of "Interference with prospective advantage," Prosser states:
Though trade warfare may be waged to the bitter end, there are certain rules of combat which must be observed... W. Prosser, Law of Torts (4th ed. 1971) at 956.
He goes on to say that the courts have generally prohibited such activities as defamation of the competitor, disparagement of his goods and his business methods, and intimidation, harassment and annoyance of his customers. In the final analysis, the issue seems to turn upon whether the subject conduct is considered to be "unfair" according to contemporary business standards.
Keeping in mind the trial judge's broad discretion to enter temporary restraining orders, we believe there is sufficient evidence in this record to support the court's decision.[2]North Dade Water Co. v. Adken Land Co., 114 So.2d 347 (Fla.3d DCA 1958). Moreover, we believe the terms of the order are precise enough for the appellant to understand what he cannot do. Considering appellant's knowledge of Lehigh's operation, we are confident that he will have no difficulty in ascertaining which *863 of the motel patrons constitute appellees' guests as defined in the temporary restraining order.
AFFIRMED.
SCHEB and OTT, JJ., concur.
NOTES
[1] Before appellant took this appeal, appellees sought to expand the order to include another of appellant's sales techniques. He would equip his automobile with a large sign advertising the sale of his lots and follow appellees' tour bus full of prospective customers. However, we need not be concerned with this practice because appellees have not sought review of the court's decision not to extend the restraining order.
[2] We find the case of Lake Gateway Motor Inn v. Matt's Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla.4th DCA 1978), so strongly relied upon by appellant, substantially distinguishable in that the business relationship allegedly interfered with had already deteriorated to the point that it could hardly be considered mutually advantageous.