OPINION OF THE COURT
. Arnold Guy Fraiman, J.
This is a motion by plaintiff pursuant to CPLR 6313 (subd [a]) for an order preliminarily enjoining defendant from disclosing to third persons any confidential information gained while in plaintiff’s employ. Defendant was employed as an internal auditor by plaintiff from 1960 until 1978, at which time his employment was terminated on less than amicable *947 terms. Thereafter, he commenced another action against plaintiff in connection with his allegedly wrongful discharge, and subsequent thereto he has admittedly furnished to the news media information as well as copies of certain documents from plaintiff’s files to which he became privy solely as a result of his employment. At least two of these documents, both audit reports, were marked "secret”. The documents apparently imply that. plaintiff, a Dutch airline, has made various improper payments to individuals in the United States.
This case appears to be one of first impression. It is clear that a prior restraint will not lie with respect to an allegedly libelous statement except in circumstances not here relevant (Marlin Fire Arms Co. v Shields, 171 NY 384). On the other hand, there is ample precedent for enjoining the use of trade secrets or other confidential information in cases involving unfair competition (Town & Country House & Home Serv. v Newbery, 3 NY2d 554; Deñer Corp. v Kleeman, 19 AD2d 396). It has also been held that where false and defamatory words are used as a part of a deliberate plan to destroy someone’s business and reputation, injunctive relief will lie. (Wolf v Gold, 9 AD2d 257.) However, while one of the causes of action in the instant complaint sounds in libel and it is plaintiff’s contention that defendant’s purpose is to destroy its business, the material it seeks to suppress is basically what is contained in documents from its own files and would, therefore, appear not to be libelous.
Thus, the issue here presented is whether a prior restraint is appropriate where the material sought to be disclosed is not libelous, but constitutes trade secrets, and the disclosure is not for use by plaintiff’s competition, but is being made to the public at large, through the news media. A further factor to be considered is that the trade secrets here are not concerned with such prosaic matters as confidential formulae or processes, but rather are accounting records which purportedly disclose highly questionable business practices.
With respect to this latter factor, it is clear that an employee who discovers in the course of his duties that his employer has engaged or is engaging in illegal activities, has the right, if not the obligation, to bring such information to the attention of the appropriate authorities, even if the information were contained in confidential documents and constituted trade secrets. But the issue here is whether he has the *948 right not only to go the authorities with the information but to broadcast it to the public at large. The court believes that he does not. While the public’s "right to know” is of paramount importance, the court is of the opinion that such right does not exist where the information sought to be disclosed consists of confidential data obtained from the files of a private company, even if such information concerns alleged wrongdoing on the part of the company. Disclosure of such material to the world at large, as distinguished from a governmental agency whose jurisdiction encompasses the conduct in question, would not serve any useful purpose which might distinguish this case from the typical unfair competition case. Once the proper authorities have been notified, the public interest has been served. Defendant’s option, should the authorities fail to act on the information, is another issue not here before the court.
Nor is there any other basis for distinguishing the instant case from one involving unfair competition. In both, the rationale would appear to be the same: a former employee who has become privy to confidential information in the course of his employment should not be permitted to use the information to further his own ends and to the disadvantage of his former employer, in the one case by using it in competition with the former employer, and in the other by satisfying a personal grievance, justified or not, against the former employer.
Nor does the fact that the documents here in issue are accounting records rather than secret formulae or customer lists distinguish the instant case from the ordinary unfair competition case. As the court noted in Abdallah v Crandall (273 App Div 131, 133): "A trade secret, like any other secret, is nothing more than private matter; something known to only one or a few and kept from the general public, and not susceptible to general knowledge.” Here, the material which plaintiff seeks to restrain defendant from disclosing was contained in documents and papers which were not readily available to all employees of plaintiff, but apparently only to those whose duties required them to see them. As such, they constitute trade secrets of plaintiff, and for the reasons indicated, plaintiff is entitled to a preliminary injunction barring defendant from disclosing their contents.
That portion of plaintiff’s motion which seeks leave to serve an amended complaint is granted without opposition.