444 So.2d 93 (1984)
Anthony T. DeRITIS, and Barbara A. DeRitis, His Wife, Appellants,
v.
AHZ CORPORATION, Etc., et al., Appellees.
No. 83-1365.
District Court of Appeal of Florida, Fourth District.
February 1, 1984.
Gary J. Nagle, of Nagle & Miller, West Palm Beach, for appellants.
Joel M. Weissman of Sales & Weissman, West Palm Beach, for appellees.
GLICKSTEIN, Judge.
This is an appeal from a non-final order, resulting from a dispute between a condominium developer and its dissatisfied investors/purchasers; the parties made legitimate attempts to settle their differences by negotiation but could not resolve the problem. Briefly, the developer/appellee was willing to repurchase the apartment, or reimburse appellants $3,000.00 for extras or submit the dispute to arbitration. Appellants rejected all of the foregoing and demanded a profit of $12,000.00 on their new apartment, which the developer similarly rejected.
The dispute in litigation between the parties is not the one a heavily cluttered judicial system would expect to resolve; namely, the quality of construction by the developer or lack thereof and resulting damages to the purchasers. Instead, the system has been called upon, not by the purchasers for relief from inadequate construction, but by the developer to enjoin the purchasers from (a) displaying what is generally associated with car dealers; namely, pictures of lemons, and (b) informing the developers's prospective customers of the alleged shabby construction of the purchasers' condominium. *94 The trial court's order being appealed recites:
"That the application for temporary injunction be and the same hereby is granted and the defendants, ANTHONY T. DeRITIS and BARBARA A. DeRITIS, his wife, be and they hereby are narrowly enjoined from libelling and slandering the Plaintiff, AHZ CORPORATION, et al., (See Wolf vs. Gold [9 A.D.2d 257] 193 NYS2d 36 Sup Ct.App.Div. 1959) and are narrowly enjoined from placing signs of any character in their windows of their home or vehicles and are hereby ordered to remove any signs of any character from their home or vehicles forthwith."
There was authority in the condominium documents for the regulation of signs on the property; so the elimination of the lemons is not being appealed. What appellants claim to be error are (a) the order's vague and indefinite restriction upon their freedom of speech and (b) the improper use of injunction when there is an existing remedy; namely, damages.
We believe  notwithstanding our frustration over seeing the judicial system involved in unnecessary disputatiousness and contentiousness rather than resolution of the underlying dispute  that the language of the injunction has to be made more specific and must relate to the activities involved. The following language in Florida Peach Orchards, Inc. v. State, 190 So.2d 796, 798 (Fla. 1st DCA 1966) is instructive:
An injunctive order should never be broader than is necessary to secure to the injured party, without injustice to the adversary, relief warranted by the circumstances of the particular case. Moore v. City Dry Cleaners & Laundry, Fla. 1949, 41 So.2d 865; and Seaboard Rendering Co. v. Conlon, 1942, 152 Fla. 723, 12 So.2d 882. An injunctive order should be adequately particularized, especially where some activities may be permissible and proper. Moore v. City Dry Cleaners & Laundry, supra. Such an order should be confined within reasonable limitations and phrased in such language that it can with definiteness be complied with, and one against whom the order is directed should not be left in doubt as to what he is required to do. Pizio v. Babcock, Fla. 1954, 76 So.2d 654.
An example of approved specificity is found in Azar v. Lehigh Corp., 364 So.2d 860 (Fla. 2d DCA 1978). The trial judge rather than we should frame the language of the injunction, taking into consideration what the record reflects of the purchasers' conduct in addition to the lemonizing. We remand in order for him to do so.
As for appellants' second point, we conclude that injunction is a proper remedy. First, the trial court had broad discretion to issue a temporary injunction. In Azar, supra, our companion court approved a temporary injunction against a former Lehigh Corporation employee, who was temporarily restrained from directly or indirectly contacting actual or potential Lehigh property customers at the Lehigh motel, where the customers were guests, or at the Lehigh sales offices. The former employee had been following such customers to their rooms at the motel and persuading them to abandon deals with Lehigh and purchase from him at a lower price. While Azar differs from the present case because the ex-employee was now in competition with Lehigh whereas the Deritises are buyers, the essence of both cases is interference, via speech, with a present or prospective business relationship. Azar can properly be considered as authority for an injunction in the present case.
Moreover, the trial judge  given the urgency of the situation precipitated by the signs and the approaching of customers  may have concluded that the catastrophic effect about which the developer testified made damages estimable by conjecture rather than by any accurate standard. This additional aspect would be a second, recognized basis for affirmance. See Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735, 738-739 (Fla. 3d DCA 1982). As for cases from other jurisdictions, discussing the principle that prior restraint of speech is permissible when the right of free *95 speech is used as a shield for tortious harm, as to a business interest, see Mazzocone v. Willing, 246 Pa.Super. 98, 369 A.2d 829 (1976); West Willow Realty Corp v. Taylor, 23 Misc.2d 867, 198 N.Y.S.2d 196 (Sup.Ct. 1960); Wolf v. Gold, 9 A.D.2d 257, 193 N.Y.S.2d 36 (1959); aff'd, 18 A.D.2d 987, 238 N.Y.S.2d 473 (1963).
In sum, we do not disturb the issuance of the injunction as to the signs, there being no appeal therefrom; and we remand only for clarification of that portion thereof which restrains other conduct of appellants which appears in the record.
DOWNEY and WALDEN, JJ., concur.