ERVIN, Judge.
Fina Oil and Chemical Company (Fina) appeals a judgment entered against it on an antitrust counterclaim filed by L.D. Boy-ette, Shirley A. Boyette and L.D. Boyette, Jr., doing business as B & M Fina Oil Company (B & M). We reverse.
American Petrofina Marketing, Inc., the predecessor corporation of Fina Oil and Chemical Corp., filed suit against B & M, alleging that B & M owed Fina $1,024,-101.70. B & M filed a counterclaim pursuant to Chapter 542, Florida Statutes, the Florida Antitrust Act, alleging violations of sections one and two of the Sherman Antitrust Act, specifically stating that Fina had engaged in an unlawful conspiracy with an unnamed competing motor fuel jobber in an unlawful attempt to eliminate B & M as a competitor in the relevant market area in violation of Chapter 542, Florida Statutes (1981). A partial summary judgment in the amount of $1,203,629.79 was awarded to Fina on the action against B & M for the outstanding debt. A jury trial was held on B & M’s antitrust claim, and the jury returned a verdict in favor of B & M, assessing damages in the amount of $1,500,000 against Fina, which pursuant to Section 542.22(1), Florida Statutes, were trebled to $4,500,000, less a setoff of the amount owed to Fina by B & M.
In 1979, L.D. Boyette purchased a Fina Oil distributorship (B & M) in Live Oak, Florida from a Mr. Gill. During a relatively short period of time, Boyette had run up a debt to Fina of over $1,000,000. When Boyette attempted to sell the jobbership in order to pay off his debt, he engaged a business broker, Robert Eaton, to procure a buyer for the jobbership. Mr. Eaton testified at trial that Fina had expressed displeasure over the potential sale and that a day or two later, the prospective buyer withdrew his offer. Fina cut off credit to B & M, and several months later B & M filed for bankruptcy. Another jobber, the Jim Hinton Oil Company, ultimately became the Fina distributor in Live Oak. Neither Fina nor Jim Hinton has a monopoly on the sale of petroleum products in the Live Oak area.
Although Boyette may have had a cause of action for interference with a prospective business relationship regarding Fina’s alleged interference in the sale of the job-bership, see Azar v. Lehigh Corp., 364 So.2d 860 (Fla.2d DCA 1978), he failed to file such a cause of action in the instant case and he has not established the necessary elements for a violation of section two of the Sherman Act.[1] Conspiracy to monop *1039 olize under section two of the Sherman Act requires three elements: “(1) [Ejxistence of a conspiracy, (2) directed at an appreciable part of interstate commerce, and (3) undertaken with specific intent of achieving monopoly power.” IIE, Kintner, Federal Antitrust Law § 14.8 at 434 (1980). . A section two violation under Section 542.19, Florida Statutes, need not affect interstate commerce. After examining the record in the instant case, we conclude there was no evidence either of a conspiracy or of an intent to monopolize.
Regarding B & M’s theory of a conspiracy to monopolize, B & M offered no evidence at trial of Fina conspiring with anyone prior to the failure of Boyette’s jobber-ship. On appeal, B & M now names the co-conspirator, Jim Hinton, who owns the jobbership that became Fina’s distributor in Suwannee County after the failure of B & M. There is, however, nothing in the record linking Fina and Hinton with one another for the purpose of conspiring to monopolize the market for petroleum products in the applicable area.
Appellee argues that proof of a conspiracy does not have to be proven directly, citing American Tobacco Company v. United States, 328 U.S. 781, 809, 66 S.Ct. 1125, 1139, 90 L.Ed. 1575, 1594 (1946), which states that a conspiracy to monopolize “may be found in a course of dealings, other circumstances, as well as in any exchange of words.” In the instant case, we find no course of dealings, other circumstances or exchanges of words that could lead to the conclusion that Hinton and Fina conspired to replace B & M as the jobber.
The second element of the section two offense of conspiracy to monopolize is specific intent to monopolize. As stated in American Football League v. National Football League, 205 F.Supp. 60, 65 (D.Md. 1962), judgment affirmed, 323 F.2d 124 (4th Cir.1963): “[Njeither rough competition nor unethical business conduct is sufficient. The requisite intent to monopolize must be present and predominant.” The overwhelming case law authority states that before a plaintiff may prevail on a claim of conspiracy to monopolize, the plaintiff must prove a specific intent to monopolize. See U.S. Steel Corp. v. Fort-ner Enterprises, 429 U.S. 610, 612, n. 1, 97 S.Ct. 861, 864, 51 L.Ed.2d 80, 84-85 (1977); North Mississippi Communications, Inc. v. Jones, 792 F.2d 1330, 1335-36 (5th Cir. 1986); American Key Corp. v. Cole National Corp., 762 F.2d 1569, 1579, n. 8 (11th Cir.1985); J.T. Gibbons, Inc. v. Crawford Fitting Co., 704 F.2d 787, 796 (5th Cir.1983); Fleer Corp. v. Topps Chewing Gum, Inc., 658 F.2d 139, 153-54 (3d Cir. 1981), cert, denied, 455 U.S. 1019, 102 S.Ct. 1715, 72 L.Ed.2d 137 (1982). “The intent must be to gain control over some relevant market sufficient to set prices in that market or exclude competitors therefrom.” American Football League, 205 F.Supp. at 65. If, however, a monopoly already exists, intent can be presumed. Fleer Corp., 658 F.2d at 154. Although intent to monopolize can be inferred, see United States v. Jerrold Electronics Corp., 187 F.Supp. 545, 549 (E.D.Pa.1960), affirmed, 365 U.S. 567, 81 S.Ct. 755, 5 L.Ed 2d 806 (1961), there is nothing before us that provides a permissible inference that Fina Oil Company and Jim Hinton Oil Company intended to monopolize the market for petroleum products in Suwannee County.
As we conclude from the record that appellee’s proof failed on the two essential elements of establishing the existence of a conspiracy and an intent to monopolize, the antitrust judgment entered against Fina is reversed.
BOOTH and WENTWORTH, JJ., concur.

. While the case was tried as a section one (conspiracy to restrain trade) and section two (conspiracy to monopolize) case, appellee has in his answer brief conceded that there was no section one violation of the Sherman Act and argues that all the jury verdict found was a *1039 violation of section two, namely a conspiracy to monopolize. Therefore, for purposes of this appeal, we will focus on whether the requisite requirements of a section two conspsiracy to monopolize case were met.